UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re
EVERTON ALOYSIUS STERLING,

                      Debtor.                    17-cv-3934 (PKC)

-----------------------------------------------------------x    MEMORANDUM
                                                                                                                       AND ORDER

Everton Aloysius Sterling,
                      Appellant,
      -against-

EVERTON ALOYSIUS STERLING,
                      Appellee.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Simply put, Everton Aloysius Sterling, a natural person, filed an involuntary petition against himself or, as he puts it, EVERTON ALOYSIUS STERLING, a "juristic person."[1] The Bankruptcy Court (Hon. Sean H. Lane, U.S.B.J.), concluded that the two are one and the same and dismissed Sterling's "Involuntary Chapter 7" petition against Sterling, the "juristic person." (Order of April 27, 2017, *In re Everton Aloysius Sterling*, 16-13312 (SHL).) Sterling, the natural person, now appeals.

Jurisdiction and Standard of Review

        This Court has jurisdiction to hear an appeal from a final judgment of the Bankruptcy Court. 28 U.S.C. § 158(a)(1). A notice of appeal was timely filed on May 24, 2017.

---

[1] Mr. Sterling is listed as both the appellant and appellee in the submissions to this Court. Mr. Sterling describes himself as the "Authorized Representative for Appellant Everton Aloysius Sterling." He also refers to the "Estate of the fictitious juristic Person, EVERTON ALOYSIUS STERLING." (Appellant Br. 1.) In the text of the petition, Everton Sterling describes himself as "Judgment Creditor" of EVERTON ALOYSIUS STERLING.

The Bankruptcy Court's findings of fact are reviewed under a clear error standard and its conclusions of law are reviewed *de novo. Pierce v. Underwood,* 487 U.S. 552, 558 (1988); Rule 8013, Fed. R. Bankr. P.; *In re CBI Holding Co., Inc.,* 529 F.3d 432, 449 (2d Cir.2008).

Discussion

Sterling, the appellant, raises several arguments regarding the filing of the Involuntary Petition and the failure of the Clerk to receive all 168 pages of the petition. He argues that the Clerk failed to accept the entirety of the submission and that the Bankruptcy Judge erred because he ruled without having the entirety of appellant's submission and, in any event, erred on the merits. He also asserts that the Bankruptcy Judge was biased.

A. The Filing of the Petition

Sterling asserts that he delivered an "Involuntary Petition" with exhibits totaling 168 pages to the Clerk of the Bankruptcy Court. According to Sterling, the Clerk "did not record" 163 of the 168 pages of the petition.

The argument proceeds from a misunderstanding of what occurred in this case. The docket sheet, at Document 1, reflects the filing of a 5-page document described as "Involuntary Petition Against Individual (Chapter 7)(Fee Amount $335.) Against Everton Aloysius Sterling. Filed by Petitioning Creditor(s): Everton Sterling." Notably the same docket entry further states "Additional attachment(s) added on 11/23/2016." The docket sheet contains a hyperlink to the 5 pages of the Involuntary Petition but not to any of the exhibits. Appellant Sterling conflates the availability of the petition with exhibits via a hyperlink on the electronic case filing system with the docketing and filing of the petition with exhibits.

Rule 5003(a), Fed. R. Bankr. P., requires that "The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case. . . . ." Rule 5005(a), Fed. R. Bankr. P., provides that, with limited exceptions "The lists, schedules, statements . . . complaints, motions, applications, . . .and other papers required to be filed by these rules. . . shall be filed with the clerk. . . ." Neither rule was violated in this case. The docket reflects the filing of the Involuntary Petition. The docket entry notes that "Additional attachment(s) added on 11/23/2016." Thus, the docket entry is accurate. The petition and exhibits were filed because they were accepted by the Clerk. There is nothing in the record to support a contrary conclusion or that they were not available to the Bankruptcy Judge for review.

Further, appellant Sterling made a lengthy submission with exhibits in opposition to the Order to Show Cause enabling him to point out anything in the petition or its exhibits that supported his position. The Court is unable to locate anything in the record that preserved the issue of the docket entry or filing. But, in any event, the argument is not supported by the record.

B. The Merits

Judge Lane issued an Order to Show Cause why the case should not be dismissed pursuant to section 303(b) of the Bankruptcy Code on the ground that an involuntary case may be commenced by a holder of a claim against a debtor but not by the debtor himself. (Doc 8. Order of Apr. 3, 2017.) 11 U.S.C. § 303(b). Appellant Sterling responded to the Order to Show Cause in a 30-page submission. (Doc 10, Apr. 18, 2017.) He argued that Everton Aloysius Sterling the natural person was "distinct" from EVERTON ALOYSIUS STERLING the "juristic person." He asserted that his birth certificate reflected the "juristic person." Neither Sterling, the

natural person, nor Sterling, the "juristic person" appeared on the return date of the Order to Show Cause.

In an Order, Judge Lane dismissed the case because it did not meet the standard under section 303(b) of the Bankruptcy Code because a debtor may not file an involuntary petition against himself. (Doc. 11; Order of Apr. 27, 2017.)

Sterling, the appellant, argues that, on the merits, the Bankruptcy Judge erred in dismissing the Involuntary Petition. Upon review, this Court concludes that the Judge's ruling was free from error. He correctly concluded that Sterling, the judgment creditor, was, in fact and in law, Sterling, the judgment debtor, and that a debtor may not file an involuntary petition against himself. *See In re Letourneau*, 422 B.R. 132, 138 (Bankr. N.D. Ill. 2010) ("There is no circumstance under which a debtor's filing of an involuntary case against himself can be proper. An involuntary bankruptcy is a remedy for creditors, not debtors.")

C. <u>Disqualification of the Bankruptcy Judge</u>

Finally, there is no basis in the record to conclude that the Bankruptcy Judge exhibited bias towards any party. The Supreme Court in *Liteky v. United States,* 510 U.S. 540, 555 (1994), reviewed the standards for disqualification arising from conduct while presiding in a case:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

A section 455(a) motion is "to be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance." Id. at 548 (emphasis in the original). The Court also noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion . . . ." Id. at 555. The Second Circuit, applying *Liteky*, has said that on a section 455(a) motion "[t]he question . . . is whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" *ISC Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 107 (2d Cir. 2012) (quoting *United States v. Carlton,* 534 F.3d 97, 100 (2d Cir. 2008)) (alteration in original). On this record, there is no non-frivolous issue raised concerning the Bankruptcy Judge's impartiality.

CONCLUSION

The April 27, 2017 Order of dismissal is AFFIRMED. The Clerk is directed to close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 26, 2017